### HAYES v. KLOCK.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. TRUSTS—ACTION TO ENFORCE—EVIDENCE.

Plaintiff, an individual judgment creditor of a president of a corporation, intimated that he intended taking steps to reach the debtor's interest in the corporation, whereupon, in pursuance of an agreement with the debtor's attorney, an instrument was drawn up, by its terms including plaintiff, the corporation, and the stockholders of the corporation, by which the corporation was to assign to the debtor's attorney a lease owned by it, which he was to sell, and hold the proceeds in trust for the parties to the agreement, and to pay, in full or pro rata, their claims. The agreement was signed by said attorney and by the debtor individually and for the corporation, but not by the stockholders or by plaintiff. Held that, on the attorneys receiving the proceeds from a sale of the lease, an action against him on the ground that he held trust funds which should be paid to plaintiff could not be maintained, as the trust was not constituted.

Appeal from Special Term.

Action by James E. Hayes against Percy L. Klock. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jerome Eisner, for appellant.
Ira G. Darrin, for respondent.

PATTERSON, J. The complaint in this action was dismissed on the merits. The plaintiff sought to recover an amount of money

in the hands of the defendant, alleged in the complaint to be held in trust by the defendant under an agreement that he would pay it over to the plaintiff. It is alleged in the complaint that certain persons therein named, including the plaintiff, were creditors of one Melville F. Frame and of the Standard Importation Company, a domestic corporation; that Frame and one L. V. Schlosser were the principal stockholders of the Standard Importation Company; that the corporation was the owner of a lease of premises known as No. 36 Broadway, in the borough of Manhattan, in the city of New York, which lease had a surrender value of $2,000; that, for the purpose of inducing the plaintiff and various other creditors to refrain from prosecuting their claims against the Standard Importation Company, that company, in the month of March, 1902, transferred to the defendant the lease of the premises aforesaid, and assigned to him any moneys he might obtain for the surrender of the lease, upon the trust that the defendant should hold the lease, or the proceeds thereof, until the 25th of April, 1902, at which time he was empowered (and he agreed) to pay out of the amount realized from the surrender of the lease, to each of the creditors, certain amounts; and, in case the amount realized on the sale of the lease should be less than the sum total of the indebtedness of the creditors, the defendant agreed to pay the claims pro rata. It is also alleged that the defendant, as trustee, surrendered the lease to the owners of the premises, and received therefor, in performance of the terms and conditions of his trust, the sum of $6,500; that the plaintiff has demanded from the defendant the amount of his claim, but defendant has refused to pay the same. The answer is in the form of a general denial, except that the defendant admits that he has not paid the plaintiff's claim.

Upon the trial of the action, it appeared that an instrument in writing was signed by the defendant, by Frame, and by the Standard Importation Company, by Frame, its president. At the same time Frame, president of the Standard Importation Company, signed what purported to be an assignment of the lease to the defendant, Klock; but the instrument purporting to be a trust agreement was not signed by any of the parties recited therein as parties thereto, other than those mentioned. It also appeared in evidence that Klock had stated to the plaintiff's attorney that he had received the consideration for the surrender of the lease, that he had the proceeds in bank, and that he held them under the trust mentioned in the instrument.

Judgment against the defendant, Klock, is sought only on the ground that he has trust funds in his possession which should be paid over to the plaintiff; and the plaintiff's right to the money according to the proof, is specifically based upon the terms of a proposed written agreement. That agreement, when originally drawn, was inspected by the attorney for the plaintiff, and the plaintiff's right to be paid out of the trust fund grows entirely out of what was contemplated by the terms of that agreement. The trust set up was not one for the payment of an indebtedness of the Standard Importation Company. It owed the plaintiff nothing. The plaintiff had recovered a judgment against Mr. Frame individually, who happened to be the

president of the corporation, and a stockholder therein. It was intended by the plaintiff to institute supplementary proceedings against Frame, and third-party proceedings had actually been begun against the corporation. The defendant, Klock, was the attorney for Frame. The plaintiff's attorney represented to Klock that he was going to take steps to reach the interest that Mr. Frame had in the corporation. Klock then said that he was unwilling that that should be done, for the reason that the corporation had a valuable lease which it intended to sell to the landlord, as it was understood that the building was to be torn down and a new one was to be erected, and that the lease had a surrender value. Thereupon the plaintiff's attorney told the defendant that he was willing to be trustee, and could get the corporation and all the people interested "to consent to execute a declaration of trust"; that is, Klock to execute the declaration of trust, and they to assign the lease, so that the proceeds should be in Klock's hands; then the plaintiff's attorney would consent to Klock being a trustee. Subsequently Klock showed to the plaintiff's attorney an executed assignment of the lease. The plaintiff's attorney also testified that he was told by the defendant that he had the money, and that he held it pursuant to the terms of the trust agreement. He also testified that he saw the original draft of that trust instrument, and that the instrument in its present shape, as offered in evidence, was the result of conferences between him and the defendant.

It is apparent from the testimony of the plaintiff's attorney that it was contemplated between the parties that this individual debt of Mr. Frame should be paid out of the property of the corporation upon the consent only of all persons interested in the corporation, to be evidenced by the execution of an instrument authorizing the payment to be made. That instrument was prepared, and was between creditors of the corporation, including the plaintiff, the corporation itself, and all the stockholders of the corporation; it being shown that the persons named in the agreement as stockholders were the only stockholders. The funds of the company were not to be appropriated to the payment of a debt of a third party without the full consent of the stockholders, as well as of the corporation, and that consent was to be testified to by the execution of a written agreement. That agreement never was executed by the stockholders. It was an incomplete instrument. It was only signed by Frame, by Lee, by the Standard Importation Company, by Frame, as president, and by Klock. The trust never was constituted. The stockholders never consented to the appropriation of their money to the payment of an individual debt of one of the company's officers.

This action is brought specifically to compel Klock to account for the proceeds of the sale of the lease, and to pay the plaintiff's claim in pursuance of the terms of a trust; and, as no trust was constituted, the funds of the corporation cannot be diverted to the payment of Frame's debt to the plaintiff. Whatever other rights plaintiff may have as against Klock, it is not necessary now to consider.

The judgment should be affirmed, with costs. All concur.